UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL SINCLAIR,

                Petitioner,                          Case Number: 2:07-CV-12967

v.                                                HON. MARIANNE O. BATTANI

C. EICHENLAUB,

                Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Paul Sinclair, who is incarcerated at Federal Correctional Institution in Milan, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges the Federal Bureau of Prisons' (BOP) decision to deny him early release benefits under 18 U.S.C. §3621(e), based upon his conviction for being a felon in possession of a firearm. For the reasons set forth below, the Court denies the petition.

### I. Background

Petitioner was convicted in the United States District Court for the Eastern District of Michigan of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On November 19, 2002, he was sentenced to 92-months' imprisonment and two years' supervised release.

Petitioner began participating in the BOP's Residential Drug Abuse Program (RDAP) on April 17, 2007. The BOP has discretion to reduce an inmate's sentence by up to one year if the inmate was convicted of a qualifying offense and successfully completes RDAP. 18 U.S.C. § 3621(e)(2)(B). On August 7, 2007, Petitioner was informed that he was ineligible for the early

release benefit based upon his firearm conviction.

In March 2007, Petitioner filed an administrative remedy request with the warden, arguing that his offense was not a "crime of violence" precluding early release consideration. The warden denied Petitioner's request for relief on the ground that Program Statement 5162.04 identifies felon in possession as an offense that, at the director's discretion, precludes early release. *See* Response to Request for Administrative Remedy, dated 4/11/07, attached as Ex. 5 to Respondent's Answer.

Petitioner appealed the warden's decision to the regional office. The appeal was denied on the ground that a felon-in-possession conviction, at the director's discretion, precludes early release. *See* Regional Administrative Remedy Appeal Response, 5/14/07, attached as Ex. 6 to Respondent's Answer. He filed an appeal with the National Inmate Appeals Administrator, but the appeal was rejected for procedural errors.

Petitioner then filed the pending petition for a writ of habeas corpus, claiming that the BOP violated his right to equal protection of the law when it denied him consideration for early release because other inmates (Petitioner identifies four) who were convicted of firearms-related offenses were granted early release. Petitioner also has filed a "Motion to Take Judicial Notice of *Arrington v. Daniels*."

## II. Discussion

### A. Exhaustion of Administrative Remedies

As an initial matter, Respondent argues that the petition should be dismissed because Petitioner has failed to exhaust his administrative remedies.

"It is well established that federal prisoners complaining of events or conditions relating

to their custody must exhaust their administrative remedies before habeas relief may be granted." *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir.1981). The BOP maintains an administrative remedy program through which inmates may seek formal review of issues relating to any aspect of their confinement. See 28 C.F.R. § 542.10(a).

Petitioner has not exhausted his administrative remedies because he failed to properly file an appeal with the National Inmate Appeals Administrator. However, exhaustion may be excused where the BOP has predetermined the disputed issue, rendering any appeal futile. *McCarthy v. Madigan*, 503 U.S. 140, 148 (1992); *Chevrier v. Marberry*, No. 04-10239, 2006 WL 3759909, *3 (E.D. Mich. Dec. 20, 2006). The BOP's clearly stated position is that persons convicted of offenses under 18 U.S.C. § 922(g) are not eligible for early release upon successful completion of a substance abuse program. *See* Resp. to Pet. for Writ of Habeas Corpus Ex. 5. Therefore, the Court finds that Petitioner's failure to exhaust administrative remedies is excused and will address the merits of the petition.

### B. Relevant Statutory and Regulatory Background

Pursuant to 18 U.S.C. § 3621(b)(5), the BOP must "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." To encourage successful participation in the program, the statute provides that:

> [t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2)(B).

To determine which inmates would be eligible for participation in the drug treatment program and which inmates would be eligible to be considered for sentence reduction upon successful completion of the program, the BOP promulgated certain regulations and program statements defining inmates' eligibility. The Act did not define "nonviolent offense." Thus, among the first regulations enacted by the BOP was Regulation 550.58, which defined "nonviolent offense" as any offense that is not a "crime of violence" as that term is defined in 18 U.S.C. § 924(c)(3). The BOP also issued Program Statement 5162.02 which excluded from consideration for early release any prisoner whose sentence included an enhancement for possession of a firearm.

Following promulgation of the BOP's regulations and statements governing the administration of § 3621(e)(2)(B), numerous prisoners successfully challenged the BOP's reliance on sentence enhancements for possession of a firearm in categorically excluding prisoners from consideration for early release. Courts holding this categorical exclusion to be improper did so based on the plain language of § 3621(e)(2)(B). The statute permits a sentence reduction for prisoners "convicted of a nonviolent offense." Thus, the BOP's reliance of sentence *enhancements*, rather than convictions, to determine eligibility for early release conflicted with the plain language of the statute. *See, e.g.*, *Fristoe v. Thompson*, 144 F.3d 627, 631 (10th Cir. 1998); *Scroger v. Booker*, 39 F. Supp. 2d 1296 (D. Kan. 1999); *Samples v. Scibana*, 74 F. Supp. 2d 702 (E.D. Mich. 1999). Other courts held that a sentence enhancement for felon in possession could not properly be categorized as a nonviolent offense. *See, e.g.*, *Byrd v. Hasty*, 142 F.3d 1395, 1397 (11th Cir. 1998).

In response to the successful challenges to its definition of nonviolent offenses, the BOP

amended 28 C.F.R. § 550.58, and issued the following interim regulation:

> An inmate who was sentenced to a term of imprisonment . . . for a nonviolent offense, and who is determined to have a substance abuse problem and successfully completes a residential drug abuse treatment program during his or her current commitment may be eligible, in accordance with paragraph (a) of this section, for early release by a period not to exceed 12 months.
>
> (a) Additional early release criteria.
>
> (1) As an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release:
>
> > . . . .
>
> (vi) Inmates whose current offense is a felony:
>
> > (A) That has as an element, the actual, attempted or threatened use of physical force against the person or property of another, or
> >
> > (B) That involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device), or
> >
> > (C) That by its nature or conduct, presents a serious potential risk of physical force against the person or property of another . . . .

28 C.F.R. § 550.58 (1997 Interim Regulation). The effective date of this interim regulation was October 9, 1997. It was published in the Federal Register on October 15, 1997 and comments were sought until December 15, 1997. 62 Fed. Reg. 53691 (Oct. 15, 1997).[1]

The BOP also issued a Program Statement that became effective on October 9, 1997, which lists offenses that preclude early release at the Director's discretion even though the offenses may not be crimes of violence. The Program Statement specifically excludes from

---

[1] In *Lopez v. Davis*, 531 U.S. 230 (2001), the Supreme Court held that the 1997 Interim Regulation's categorical exclusion of prisoners based on their involvement with firearms in connection with the commission of a felony was a permissible exercise of the Bureau's discretion.

consideration for early release benefits all inmates convicted under 18 U.S.C. § 922(g). On December 22, 2000, the Bureau replaced its 1997 Interim Regulation with a final regulation, which adopted the interim rule without any changes. See 65 Fed.Reg. 80748 (Dec. 22, 2000).

Following promulgation of the 1997 Interim Regulation, the United States Court of Appeals for the Ninth Circuit determined that the 1997 Interim Regulation was invalid, for failure to follow the notice-and-comment requirements of the APA. *See Paulsen v. Daniels*, 413 F.3d 999 (9th Cir. 2005). More recently, the Court of Appeals for the Ninth Circuit has held that the final 2000 rule is invalid as "arbitrary and capricious" in violation of § 706(2)(A) of the APA, for failure to set forth a rationale for its categorical exclusion rule. *Arrington v. Daniels*, 516 F.3d 1106 (9th Cir. 2008).

### C. Validity of BOP's Regulations

Petitioner argues that the final 2000 rule is invalid because it is arbitrary and capricious in violation of § 706(2)(A) of the APA. Section 706(2)(A) prohibits an agency from enacting a rule that is arbitrary or capricious. 5 U.S.C. § 70692)(A). In furtherance of this claim, Petitioner asks the Court to take judicial notice of the Ninth Circuit Court of Appeals' decision in *Arrington v. Daniels*, 516 F.3d 1106 (9th Cir. 2008). "Federal courts may take judicial notice of proceedings in other courts of record." *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir.1980) (internal quotation omitted). Therefore, the Court will grant Petitioner's request to take judicial notice of the *Arrington* decision. However, the *Arrington* decision does not persuade the Court that Petitioner is entitled to habeas relief.

In *Arrington*, several federal prisoners who had been convicted of firearms-related offenses challenged the BOP's implementation of § 550.58 on the ground that it violated the

6

provisions of the Administrative Procedures Act. The Ninth Circuit held that the regulation implemented by the BOP categorically excluding from early release prisoners convicted of offenses involving possession, carrying, or use of firearms violated the Administrative Procedures Act (APA), because the BOP failed to articulate a rationale for categorically excluding from early release any prisoner who had been convicted of an offense involving the carrying, possession, or use of a firearm as required under 5 U.S.C. § 706(A)(2). *Id.*

The *Arrington* decision has been criticized in several district courts for being in conflict with Supreme Court precedent and failing to reconcile the decision with 18 U.S.C. § 3625. In *Riopelle v. Eichenlaub*, No. 2:08-11754, 2008 WL 2949236, *2 (E.D. Mich. July 29, 2008), another Judge in this District denied Petitioner's claim that § 550.58 was an invalid regulation based upon the Ninth Circuit's *Arrington* decision, holding, in relevant part:

> The problem with the Ninth Circuit's decision, however, is that it ignores 18 U.S.C. § 3625, which exempts the BOP's decision to deny the reduction of a sentence from the requirements of 5 U.S.C. § 706(A)(2). See 18 U.S.C. § 3625 (providing that 5 U.S.C. § 706 "do[es] not apply to the making of any determination, decision or order" made by the BOP pursuant to the provisions of 18 U.S.C. §§ 3621 et seq.). Thus, this Court lacks jurisdiction, pursuant to 18 U.S.C. § 3625, to review Petitioner's claim that the BOP's enactment of § 550.58 violated the APA.

*Id.* at *2.

In *Minotti v. Whitehead*, __ F. Supp. 2d __, 2008 WL 4791462, (D. Md. Oct. 31, 2008), the United States District Court for the District of Maryland held that the Ninth Circuit's decision in *Arrington* was "misguided due to binding precedent from the Supreme Court." *Id.* at ___, 2008 WL at *7. The District Court noted that the Ninth Circuit failed to address whether the disputed regulation was a legislative or substantive rule subject to the APA's notice and comment requirements or an interpretive rule and, therefore, not subject to the notice and

7

comment requirements. *Id.* The District Court held that the Supreme Court's decision in *Lopez v. Davis* 531 U.S. 230 (2001), interpreting the 1997 interim regulation (which was identical to the 2000 regulation) recognized that the rule was an interpretive rather than substantive one and therefore not subject to the APA's notice and comment procedures. *Id.* (citing *Lopez*, 531 U.S. at 242). In addition, the district court concluded that the BOP offered a reasonable explanation for exercising its discretion to exclude from early release benefits inmates with prior involvement with firearms. *Id.* Therefore, the district court held that the rule was not arbitrary or capricious. *See also Neal v. Grondolsky*, No. 08-2477, 2008 WL 4186901, *4 (D. N.J. Sep 09, 2008) (rejecting *Arrington* decision); *Gatewood v. Outlaw*, No. 2:08-CV-00054, 2008 WL 2002650, *4 (E.D. Ark. May 08, 2008) (rejecting reasoning in *Arrington* and holding that promulgation of 2000 regulation did not violate APA because it was interpretive rather than substantive); *Chevrier v. Marberry*, No. 04-10239, 2006 WL 3759909, * 5 (E.D. Mich. December 20, 2006) ("[T]he BOP's categorical denial of early release to inmates convicted of being a felon in possession of a firearm is not arbitrary or capricious.").

When deciding whether a BOP regulation is arbitrary and capricious in violation of 5 U.S.C. § 706(A)(2) of the APA, "all [this Court] must decide is whether the [BOP], the agency empowered to administer the early release program, has filled the statutory gap 'in a way that is reasonable in light of the legislature's revealed design.'" *Lopez*, 531 U.S. at 242 (quoting *NationsBank of N.C., N.A. v. Variable Annuity Life Ins. Co.*, 513 U.S. 251, 257 (1995)). The BOP has articulated two rationales for the promulgation of the 2000 final rule: "the increased risk that offenders with firearms convictions might pose a risk to the public and the need for uniformity in the application of eligibility regulations." *Minotti*, __ F. Supp. 2d at ___, 2008 WL

8

at *10. The Supreme Court, in *Lopez*, agreed with the BOP's "reasonabl[e] conclu[sion] that an inmate's prior involvement with the commission of a felony, suggests his readiness to resort to life-endangering violence and therefore appropriately determines the early release decision." *Lopez*, 531 U.S. at 244. The connection between firearms and violence is fully supported by the language of the statute, *Lopez*, and "just plain common sense." *Minotti*, __ F. Supp. 2d at ___, 2008 WL at *10. Deferring to the BOP's reasonable implementation of § 3621, this Court disagrees with the *Arrington* decision and finds that 28 C.F.R. § 550.58 in not invalid under 5 U.S.C. § 706(2)(A) of the APA.

### D. Equal Protection Claim

Petitioner argues that the BOP's decision to deny him early release benefits violates his rights under the Equal Protection Clause. The Equal Protection Clause mandates that all persons, who are similarly situated, should be treated alike. *See City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). Nevertheless, "[t]o withstand Fourteenth Amendment scrutiny, statutes that do not interfere with fundamental rights or single out suspect classifications must bear only a rational relationship to a legitimate state interest." *Richland Bookmart, Inc. v. Nichols*, 278 F.3d 570, 574 (6th Cir. 2002), *citing City of Cleburne,* 473 U.S. at 440. Federal courts have consistently held that prisoners do not constitute a suspect class. *See Hadix v. Johnson*, 230 F.3d 840, 843 (6th Cir. 2000). In addition, there is no constitutional right to early release. *Board of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Because neither a suspect class nor a constitutional right is involved in this claim, the different treatment of prisoners serving sentences for violating 18 U.S.C. § 922(g) need only satisfy the rational basis test. *City of Cleburne*, 473 U.S. at 440. "The Bureau's decision to deny early release to persons convicted

9

of being a felon in possession of a firearm is rationally related to a legitimate governmental interest in discouraging the unlawful use of weapons and in protecting the public from potentially violent criminals." *Hannah v. Marberry*, 2006 WL 3694619, *7 (E.D. Mich. Dec. 13, 2006).

In addition, in support of his equal protection claim, Petitioner references four federal inmates who apparently were granted an early release benefit after completing the BOP's substance abuse program. Three of the inmates were convicted of gun-related charges and the fourth had his sentence enhanced based upon the possession or use of a gun in connection with the offense. "To prove that a statute has been administered or enforced discriminatorily, more must be shown than the fact that a benefit was denied to one person while conferred on another." *Sylvia Development Corp. v. Calvert County, Md.*, 48 F.3d 810, 819 (4th Cir. 1995). "In order to prevail on an equal protection claim based upon the application of a facially neutral statute, it must be establish that: (1) the plaintiff was treated differently than similarly situated persons; and (2) the defendant unequally applied the facially neutral statute for the purpose of discriminating against the plaintiff." *Strickland v. Alderman*, 74 F.3d 260, 264 (11th Cir. 1996). Petitioner has failed to allege that he was treated any differently as the result of discriminatory animus. At most, he has alleged inconsistencies in treatment. "[M]ere inconsistencies or erroneous decisions in prison management, . . . do not by themselves constitute a cognizable equal protection claim." *Clapper v. Wisconsin Dep't of Corrs*, 946 F. Supp. 672, 680 (E.D. Wisc. 1996) (citing *Shango v. Jurich*, 681 F.2d 1091, 1103-05 (7th Cir. 1982), and *Durso v. Rowe*, 579 F.2d 1365, 1372 (7th Cir. 1978)). *See also Chevrier v. Marberry*, No. 04-10239, 2006 WL 3759909, *6 (E.D. Mich. Dec.20, 2006) (dismissing equal protection claim based on denial of

reduction in sentence even if some inmates with similar convictions were granted early release without reference to earlier finding of no protected liberty interest).

### III. Conclusion

The BOP's decision not to reduce Petitioner's sentence for successful completion of the RDAP was permissible and not an abuse of discretion or contrary to statute or regulation.

Accordingly, the Court DENIES the petition for a writ of habeas corpus.

The Court GRANTS Petitioner's Motion to Take Judicial Notice [dkt. # 8].

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

Dated: December 15, 2008

### CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this opinion and order was served upon all parties of record.

s/Bernadette M. Thebolt
Case Manager